c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| PONTHIE HOLDINGS, LLC, Plaintiff | CIVIL ACTION NO. 1:19-CV-01007 |
| VERSUS | JUDGE SUMMERHAYS |
| FREEMAN HOLDINGS OF LOUISIANA, L.L.C., *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court are a Motion to Remand (ECF No. 11) and Motion for Attorney's Fees and Costs (ECF No. 11) filed by Plaintiff Ponthie Holdings, LLC ("Ponthie Holdings"). Ponthie Holdings asserts this action should be remanded for lack of diversity jurisdiction. ECF No. 11 at 1-2. Defendants Freeman Holdings of Louisiana, L.L.C. ("Freeman"), doing business as Million Air Alexandria ("Million Air"), United States Aircraft Insurance Group ("USAIG"), and United States Aviation Underwriters, Inc. ("USAU") (collectively, "Defendants"), oppose. ECF No. 13.

Defendants establish the Court's diversity jurisdiction by a preponderance of the evidence. Ponthie Holdings's Motion to Remand (ECF No. 11) and Motion for Attorney's Fees and Costs (ECF No. 11) should therefore be DENIED.

**I.  Background**

Ponthie Holdings filed a Petition for Damages (ECF No. 1-1) in the Ninth Judicial District Court, Rapides Parish, Louisiana, against Defendants. ECF No. 1-1. Ponthie Holdings owns a 2017 Socata TBM 910, serial number 1210 bearing FAA

1

registration mark N910WZ (the "Aircraft"), that was towed by an employee of Million Air at the Alexandria International Airport ("AEX"). ECF No. 1-1 at 5. Ponthie Holdings claims the Aircraft was damaged when it collided with another aircraft. *Id.*

Ponthie Holdings alleges Million Air is vicariously liable for the negligent acts and omissions of its employee. *Id.* Ponthie Holdings further claims USAU and/or USAIG provided liability insurance coverage to Million Air for the damages sustained as a result of the collision. ECF No. 1-1 at 6. USAIG is the primary insurer of Million Air and USAU are the underwriters and managers for USAIG. *Id.*

Ponthie Holdings asserts USAU received satisfactory proof of loss, including a calculation of diminution in value. *Id.* Ponthie Holdings claims USAIG paid for repairs to the Aircraft but failed to pay adequate compensation for diminution in value of the Aircraft. *Id.* Ponthie Holdings seeks statutory penalties and attorney's fees under La. R.S. 22:1892 and/or La. R.S. 22:1973. *Id.* at 6-7.

Defendants removed, asserting that there is complete diversity among the parties and that the amount in controversy exceeds $75,000. ECF No. 1 at 2-4. Ponthie Holdings seeks to remand for lack of diversity jurisdiction.[1] ECF No. 11. Defendants oppose remand. ECF No. 13. In opposition, Defendants submit the Affidavit of Christopher R. Bello ("Bello") (ECF No. 13-1), a list of USAIG's member companies (ECF No. 13-2), and company profiles from the Louisiana Department of Insurance website (ECF No. 13-3 at 1-8).

---

[1] It is undisputed that the amount of controversy exceeds $75,000. ECF Nos. 1, 11. Therefore, the sole question is whether there is complete diversity among the parties.

II. Law and Analysis

    A. Standards governing the Motion to Remand.

A federal court's jurisdiction is limited to areas authorized by the United States Constitution and acts of Congress. *See Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014). Subject matter jurisdiction must exist at the time of removal, based on the facts and allegations contained in the complaint. *See St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Jurisdictional facts are determined at the time of removal, not by subsequent events. *See La. v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 635 (5th Cir. 2014). Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

A federal court has "diversity jurisdiction" where the amount-in-controversy exceeds $75,000, exclusive of interest and costs, and where complete diversity exists between the parties. *See* 28 U.S.C. § 1332(a). The removing party bears the burden of establishing diversity jurisdiction by a preponderance of the evidence. *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013); *see also Menendez v. Wal-Mart Stores, Inc.*, 364 Fed.Appx. 62, 65 (5th Cir. 2010) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008)). "Any ambiguities are construed against removal and in favor of remand to state court." *Mumfrey*, 719 F.3d at 397 (citations omitted).

"The basis for diversity jurisdiction must be '*distinctly* and *affirmatively* alleged.'" *Menendez*, 364 Fed.Appx. at 65 (citation omitted) (emphasis in original);

*see also Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in original). The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain. *See Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003). A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. *See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C.*, 757 F.3d 481, 483 (5th Cir. 2014). "[T]he citizenship of a partnership is determined by reference to the citizenship of each of its partners." *See Int'l Paper Co. v. Denkmann Associates*, 116 F.3d 134, 135, 137 (5th Cir. 1997). The citizenship of a limited liability company ("L.L.C."), a limited partnership, or other *unincorporated association or entity*, is determined by the citizenship of all its members. *See Harvey*, 542 F.3d at 1079-80 (emphasis added).

    B.    <u>Defendants establish diversity jurisdiction by a preponderance of the evidence.</u>

Ponthie Holdings argues remand is appropriate because complete diversity is lacking. ECF No. 11-1 at 1-6. Specifically, Ponthie Holdings asserts that for unincorporated associations, as here with USAIG, all members must be diverse from the opposing party. ECF No. 11-1 at 4. Ponthie Holdings contends Defendants failed to affirmatively allege in its Notice of Removal (ECF No. 1) that all members of USAIG are completely diverse from Ponthie Holdings. *Id.* Ponthie Holdings argues Defendants allege the citizenship of two of its members, but do not allege that they

4

are the only members of USAIG and do not allege any other members of USAIG and their citizenship. *Id.* The citizenship of the other parties is uncontested.[2]

Defendants argue that its non-participating members – those that did not participate in the subject policy – are akin to shareholders or affiliates of a corporation whose citizenship is irrelevant to diversity jurisdiction. ECF No. 13 at 2. Defendants disagree that every member of USAIG must be considered for diversity purposes. *Id.* Regardless, Defendants assert that complete diversity still exists as none of USAIG's member insurance companies are citizens of Louisiana. ECF No. 13 at 3. Defendants submit an affidavit and supporting documentation supporting complete diversity of its members. ECF Nos. 13 at 3, 13-1, 13-2, 13-3.

In its Notice of Removal (ECF No. 1), Defendants allege USAIG is a joint underwriting association consisting of member insurance companies. ECF No. 1 at 3. Defendants allege USAIG has its principal place of business in the State of Pennsylvania. *Id.* Defendants further claim USAIG member companies participating in the USAIG policy issued to Freeman are ACE American Insurance Company ("ACE") and Liberty Mutual Insurance Company ("Liberty Mutual"). *Id.* Defendants allege ACE is a citizen of the State of Pennsylvania, where it is incorporated and has its principal place of business. *Id.* Defendants further allege

---

[2] Ponthie Holdings is a limited liability company whose members are Ross Ponthie and Grace Ponthie, both citizens of the State of Louisiana. ECF No. 1 at 3. Thus, Ponthie Holdings is a citizen of Louisiana. Freeman is a limited liability company whose sole member is Frances B. Freeman, Jr., a citizen of the State of Florida. ECF No. 1 at 2. Thus, Freeman is a citizen of Florida. USAU is a citizen of the State of New York, as it is incorporated in and has its principal place of business in the State of New York. ECF No. 1 at 3.

Liberty Mutual is a citizen of the State of Massachusetts, where it is incorporated and has its principal place of business. *Id.*

Here, USAIG is an unincorporated association of insurers with four members. ECF Nos. 1, 13. For an unincorporated association, its citizenship for diversity purposes is deemed to be that of each of its members. *See Americold Realty Trust v. Conagra Foods, Inc.*, 136 S.Ct. 1012, 1015, 194 L.Ed.2d 71 (2016) ("But Congress never expanded this grant of citizenship to include artificial entities other than corporations, such as joint-stock companies or limited partnerships. For these unincorporated entities we too have 'adhere[d] to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of all [its] members.'"); *Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990) ("[W]e reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members."); *Getty Oil*, 841 F.2d at 1258 ("If the case involves an unincorporated association, the citizenship of each member must be considered."); *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986) ("From the little information we have regarding the organization of USAIG it appears that the citizenship of each member should be considered."); *Navarro Savings Association v. Lee*, 446 U.S. 458, 465 (1980) ("If the group is an unincorporated association, then the citizenship of each member must be considered in determining diversity jurisdiction."). Accordingly, the citizenship of all USAIG's members will be considered in determining whether there is complete diversity among the parties.

Bello's affidavit (ECF No. 13-1) establishes that USAIG has four members, all of whom are diverse from Ponthie Holdings. ECF Nos. 13 at 3, 13-1 at 1-3. Bello's affidavit (ECF No. 13-1) and supporting exhibits (ECF Nos. 13-2, 13-3) establish the citizenship of USAIG's membership as follows:

(1)   ACE American Insurance Company is a citizen of the State of Pennsylvania, its place of incorporation and principal place of business. ECF Nos. 13, 13-1, 13-2, 13-3).

(2)   Liberty Mutual Insurance Company is a citizen of the State of Massachusetts, its place of incorporation and principal place of business. *Id.*

(3)   General Reinsurance Corporation is a citizen of the State of Delaware, its place of incorporation, and is a citizen of the State of Connecticut, its principal place of business. *Id.*

(4)   Columbia Insurance Company is a citizen of the State of Nebraska, its place of incorporation and principal place of business. *Id.*

After review of the record and affidavit, the Court finds Defendants have met their burden of establishing complete diversity among the parties.[3]

---

[3] Ponthie Holdings argues that Defendants' failure to allege the citizenship of all its members in their Notice of Removal (ECF No. 1) is fatal to diversity jurisdiction. ECF No. 11-1 at 4-5. However, "[a] court has wide, but not unfettered, discretion to determine what evidence to use in making its determination of jurisdiction." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) (citation omitted). In making such an assessment, a court may look at any record evidence, receive affidavits and deposition testimony, and hear live testimony concerning the citizenship of parties. *Id.* (citation omitted). Here, Defendants establish by a preponderance of the evidence that complete diversity exists among the parties.

Additionally, the United States Court of Appeals for the Fifth Circuit instructs that removing defendants be permitted to amend their Notice of Removal pursuant to 28 U.S.C. § 1653 to set forth facts to establish diversity jurisdiction. *See Getty Oil*, 841 F.2d at 1262 (authorizing district court to permit removing defendants to amend their notice of removal

### III. Conclusion

Because Defendants establish diversity jurisdiction by a preponderance of the evidence;

IT IS RECOMMENDED that Ponthie Holdings's Motion to Remand (ECF No. 11) and Motion for Attorney's Fees and Costs (ECF No. 11) be DENIED.

IT IS FURTHER RECOMMENDED that Defendants be granted leave to amend their Notice of Removal within 14 days (ECF No. 1) to affirmatively allege the citizenship of all members of USAIG under 28 U.S.C. § 1653.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any

---

under § 1653); *Mullins v. Testamerica, Inc.*, 300 Fed.Appx. 259, 261 (5th Cir. 2008) (remanding a removed case to district court for amendment of deficient jurisdictional/citizenship allegations). Thus, the undersigned recommends Defendants be allowed to amend their Notice of Removal (ECF No. 1) to formally allege the complete diversity established here.

extension of time granted by the Court under Fed. R. Civ. P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this  21st  day of February 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE